419 P.2d 546

**UNITED BONDING INSURANCE COMPANY, an Indiana Insurance corporation, Appellant,**

v.

**THOMAS J. GROSSO INVESTMENT, INC., an Arizona corporation, Appellee.**

**No. 1 CA–CIV 239.**

Court of Appeals of Arizona.

Nov. 4, 1966.

Johnson & Shaw, Phoenix, by Felix F. Gordon, Phoenix, for appellant.

Francis J. Brown, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal from a judgment of the lower court granting the motion of defendant-appellee Thomas J. Grosso Investment, Inc., to dismiss the amended complaint of plaintiff-appellant (United Bonding Company) as to the said defendant Thomas J. Grosso Investment, Inc.

The appellant perfected the appeal and filed a brief in this Court. The appellee, Grosso Investment Company, failed to file an answering brief. We ordered the matter submitted.

The Rules of the Supreme Court state: "If the appellee does not file an answering brief within the time prescribed by these Rules or within such additional time as allowed by the court * * * the appeal may be submitted for decision on the motion of appellant upon notice to appellee, or on the court's own motion." Rule 7(a) (2), Rules of the Supreme Court, 17 A.R.S.

Our Supreme Court has stated that where there are debatable issues and the appellee fails to file an answering brief, that such failure is a confession of reversible error on the part of the appellee. Siemers v. Randall, 94 Ariz. 302, 383 P.2d 753 (1963), Barrett v. Hiney, 94 Ariz. 133, 382 P.2d 240 (1963), Gallatin et al. v. State of Arizona, 4 Ariz.App. 44, 417 P.2d 557 (1966). Nevertheless, this Court has recently stated that we do not read Rule 7(a) (2), Rules of the Supreme Court, or the cases decided above as making it *mandatory* that we reverse when the appellee fails to file a brief. Hoffman v. Hoffman, 4 Ariz.App. 83, 417 P.2d 717 (1966).

In the instant case, there appearing to be debatable issues and it appearing further that the appellee had every opportunity to file an answering brief and there being no question as to the ability of the appellee to do so, we will consider the failure of the appellee to file a brief as a confession of reversible error.

Reversing the matter on the failure of the appellee to file an answering brief as

**286**

we do, we are aware that the debatable issues before this Court have not been thoroughly briefed by the parties, and that this Court has not had the full benefit of the adversary system upon which our law evolves. For that reason, we do not set forth herein in detail the fact basis upon which the trial court granted its motion to dismiss.

The judgment of the trial court dismissing the amended complaint of the plaintiff-appellant is hereby reversed, and the matter remanded for further action not inconsistent with this opinion.

STEVENS, C. J., and J. SMITH GIBBONS, Judge of Superior Court, concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter, Judge J. SMITH GIBBONS was called to sit in his stead and participate in the determination of this decision.