445 P.2d 181

Jose DEL CASTILLO, Appellant,

v.

Ray HARBOUR, dba Ray Harbour's Engine & Transmission Rebuilders, Rose Margaret Harbour, his wife and employee, Ray Harbour Incorporated, Ray Harbour Automotive Industries, Inc., an Arizona corporation, and John Does I to X, Appellees.

No. 2 CA–CIV 422.

Court of Appeals of Arizona.

Sept. 19, 1968.

Rehearing Denied Oct. 18, 1968.

Review Denied Dec. 3, 1968.

Jose del Castillo, in pro. per.

Robert J. Hirsh, Tucson, for appellees.

MOLLOY, Judge.

Appellant, plaintiff below, brings this appeal to review a decision of the trial court setting aside a default judgment obtained by appellant.

The relative rights and liabilities of the parties have been the subject of lengthy controversy and several legal proceedings. In May of 1966, appellant alleging fraud with particularity, brought this action against appellees and others for actual, "general" and punitive damages in a large amount. Defendants designated in the complaint and summons were:

> "Ray Harbour, dba Ray Harbour's Engine & Transmission Rebuilders, Rose Margaret Harbour, his wife and employee, Ray Harbour Incorporated, Ray Harbour Automotive Industries, Inc., an Arizona private corporation, and John Does I to X."

A certificate of service indicates that Ray Harbour and his wife, Rose Margaret Harbour, were purportelly served at *"defendants' place of business * * * [b]y handing Ray Harbour copy each of Summons, & complaint; and another copy each of Summons and Complaint for Rose Margaret Harbour * * *."* (Emphasis added.) This service is indicated as having been made on May 5, 1966. Another certificate of service indicates that the statutory agent for Ray Harbour Automotive Industries, Inc., was served on May 12, 1966. There are no other certificates of service in the action.

On May 26, 1966, a default was entered against "Ray Harbour, dba Ray Harbour's Engine & Transmission Rebuilders, and Rose Margaret Harbour." On June 1, 1966, at 1:26 p. m., a motion to dismiss on behalf of all of the defendants was filed. This motion was a timely appearance for the corporate defendants but three days late—if an intervening Saturday and Sunday are excluded—as to Mr. Harbour. The motion was a speaking motion which contained an affidavit of defendants' counsel that plaintiff's claim was barred under

the doctrine of res judicata by reason of a previous action in Justice Court, Precinct No. 2, Pima County, and a previous action in the Superior Court, Pima County, in which it had been ruled that the instant claim was barred by reason of the Justice Court action, to which plaintiff's claim was a compulsory counterclaim.

At 3:05 p. m., of the same day on which the motion to dismiss was filed, the plaintiff secured a written judgment against Ray Harbour and Rose Margaret Harbour, his wife, in the sum of $540, based on the default previously entered. We would presume that the motion to dismiss was not called to the attention of the trial court, else he would undoubtedly have insisted that three days' notice be given to the defendants before entering judgment. See Rule 55(b) (1), R.Civ.P., 16 A.R.S.

A motion to set aside default was filed on June 7, 1966. It was accompanied by an affidavit of defendants' counsel that he had represented the defendants in previous litigation pertaining to the plaintiff's claim, both in the Justice Court and in the Superior Court, of which fact the plaintiff well knew, that he was given a copy of the complaint on May 12, 1966, that prior to June 1, 1966, he inquired of the Clerk of the Superior Court as to the date of service of the aforesaid complaint, that he was advised by the clerk that summons was served on May 12, 1966 (the date of service upon one of the corporate defendants), and that he relied upon the information given him by the Clerk's office of the Superior Court so as not to file any response to the action until June 1, 1966. There is no conflicting affidavit questioning any of the statements made in this affidavit. By minute entry order of June 21, 1966, the motion to set aside default and default judgment was granted.

An appeal from this minute entry order was dismissed by this court for failure to comply with Rule 58(a), Rules of Civil Procedure, 16 A.R.S., and subsequently a written order setting aside default and default judgment was entered by the trial court. We construe the instant appeal as being from that order.

The defendants Harbour have neglected to file an answering brief in opposition to the plaintiff's opening brief. This court has granted a motion that the case be submitted on the present record.

██ Ordinarily, we would assume that the failure to file an answering brief constitutes a confession of reversible error on the part of the appellee. Tiller v. Tiller, 98 Ariz. 156, 402 P.2d 573 (1965); Siemers v. Randall, 94 Ariz. 302, 383 P.2d 753 (1963). The rule as laid down by these decisions is that if the reasons presented for reversal are "debatable," the appellate court will reverse in the absence of opposition from the appellee.

█ However, we believe it the duty of this court to examine the record to determine whether there are debatable issues, Hoffman v. Hoffman, 4 Ariz.App. 83, 417 P.2d 717 (1966), and we believe that it is most appropriate to do so under the circumstances here. The judgment appealed from is relatively small—$524. The plaintiff is a member of the Bar, of which fact we take judicial notice, so that he is in the advantageous position of being able to prosecute this appeal in propria persona without payment of attorney's fees. The defendants to this action, who are not members of the Bar, are thus placed in the unfavorable economic position that to contest this action will be to lose it, as it will cost as much to defend as the judgment itself. We note that their attorney has already made five appearances in the trial court in connection with the proceedings to set aside and to secure a written appealable judgment, and if the res judicata defense is valid, the defendants have twice before won this same lawsuit.

██ A review of this record convinces us that there is no "debatable" issue and that the order of the trial court was correct. The mistake that was made by defendants' counsel is understandable, in view of the two dates of service that ap-

peared in the file. We are also influenced in part by the fact that the service upon Mrs. Harbour is clearly void, see Safeway Stores, Inc. v. Ramirez, 99 Ariz. 372, 381, 409 P.2d 292, 298 (1965), and that the appearance of the defendants occurred before default judgment. The affidavit of meritorious defense we find to be adequate..

Our Supreme Court has said many times that what is "excusable," insofar as failing to answer is concerned, is largely a matter lying within the discretion of the trial court, and that doubts should be resolved in favor of a trial on the merits. See, e. g., Ramada Inns, Inc. v. Lane and Bird Advertising, Inc., 102 Ariz. 127, 426 P.2d 395 (1967); Marquez v. Rapid Harvest Co., 99 Ariz. 363, 409 P.2d 285 (1965); Gray v. Dillon, 97 Ariz. 16, 396 P.2d 251 (1964); Coconino Pulp and Paper Company v. Marvin, 83 Ariz. 117, 317 P.2d 550 (1957).

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.