453 P.2d 993

**NATIONAL EXHIBITION COMPANY, a New Jersey corporation, on behalf of its division, Francisco Grande Hotel and Motor Inn, Appellant,**

v.

**Ralph MARX, dba Mortensen Kings, Appellee.**

**No. I CA–CIV 703.**

Court of Appeals of Arizona.

May 8, 1969.

Howard H. Karman, Casa Grande, for appellant.

Morgan & Ruch, by Raymond E. Morgan, Phoenix, for appellee.

MOLLOY, Judge.

Appellant, garnishee-defendant in the court below, seeks to set aside a default judgment entered on a writ of garnishment issued on behalf of appellee, plaintiff in the original action. The legal question involved is whether service of a writ of garnishment upon a hotel bookkeeper or "payroll master" is effective service upon its foreign corporate owner.

■ It is appellant's contention that a bookkeeper is not a proper person upon whom service of process could be made pursuant to the terms of Rule 4(d), par. 6, of the Rules of Civil Procedure, 16 A.R.S. With the exception of financial institutions, as to which see A.R.S. § 12–1577, subsec. C, as amended, Article 4 of Tit. 12 of the Revised Statutes, concerning garnishments, does not specify the corporate personnel upon whom service upon the corporation may be effected. It has been held, however, that garnishment is an independent legal proceeding, and that a writ of garnishment is to be served upon the garnishee in the same manner as a summons and complaint, as provided by relevant court rules. Gonzales v. Whitney, 90 Ariz. 324, 329, 367 P.2d 668, 671 (1961). Rule 4(d), par. 6, applicable here, requires that service of process be made upon a domestic or foreign corporation:

"* * * by delivering a copy of the summons and of the complaint to * * * an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *"

■■ Appellee has not filed any brief in this court, and our attention is directed to the rule established by our Supreme Court that where an appellant's brief raises "debatable" issues, the failure of an appellee to file an answering brief constitutes a confession of reversible error. See, e. g., Tiller v. Tiller, 98 Ariz. 156, 402 P.2d 573 (1965). The same rule has been applied by both divisions of this court. United Bonding Ins. Co. v. Thomas J. Grosso Inv., Inc., 4 Ariz.App. 285, 419 P.2d 546 (1966); Gallatin v. State ex rel. Herman, 4 Ariz. App. 44, 417 P.2d 557 (1966). We will not permit the rule to become an instrument of injustice, however, and reversal on this basis requires a determination that appellant's contentions are substantially debatable. Del Castillo v. Harbour, 8 Ariz. App. 233, 445 P.2d 181 (1968); Blech v. Blech, 6 Ariz.App. 131, 430 P.2d 710 (1967).

■ We think it must be held, on this record, that appellant has at least raised a debatable issue. See generally Schering Corporation v. Cotlow, 94 Ariz. 365, 385 P.2d 234, 17 A.L.R.3d 617 (1963); Safeway Stores, Inc. v. Ramirez, 1 Ariz.App. 117, 400 P.2d 125 (1965); Annots., 17 A.L.R.3d 625, and 71 A.L.R.2d 178; and compare, on the particular point raised, the cases noted in 71 A.L.R.2d 190–191, and Tinker v. Rice Motors, Inc., 198 N.C. 73, 150 S.E. 701 (1929), with Collini v. Turner Constr. Co., 129 N.Y.S.2d 485 (Sup.Ct. 1954). See also Fay v. Harris, 64 Ariz. 10, 164 P.2d 860 (1945).

Appellant seeks no relief beyond the setting aside of the default judgment and remanding the cause for such further proceedings " * * * as may be proper." We reverse and remand, to those ends.

Reversed.

HATHAWAY and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.