480 P.2d 16

The TOWN OF COTTONWOOD, a municipal corporation of the State of Arizona, Appellant,

v.

Louis M. EVANS and Mary A. Evans, his wife, Appellees.

No. I CA–CIV 1301.

Court of Appeals of Arizona, Division 1.

Feb. 1, 1971.

Richard Walraven, Prescott, and Baumert & Reeder, by Edward P. Reeder, Phoenix, for appellant.

Johnson & Shaw, by J. P. Shaw, Phoenix, for appellees.

KRUCKER, Chief Judge.

This appeal is from a judgment which held that the business activity of the defendants below, hereinafter referred to as the appellees, was not subject to a zoning ordinance passed by the plaintiff below, hereinafter referred to as the appellant. The trial court ruled that the acts of the appellees in development of a mobile home facility on acreage inside the Town of Cottonwood, prior to the passage of the zoning ordinance on March 11, 1969, prohibiting the type of facility the appellees were developing, resulted in the establishment of a prior-existing and valid, nonconforming use. The zoning ordinance in this case had a nonconforming use provision, Section 8(8), which provided that:

"The lawful use of any structure, or land existing at the time a provision of this Code becomes effective which provision makes the use or structure unlawful may be continued, although such use or structure does not conform with said provisions. * * *"

This provision was subject to certain conditions, such as safety, alterations, extensions, repairs, and abandonment, which are not in issue here.

Prior to March 11, 1969, the Town of Cottonwood had no zoning restrictions. After passage of the zoning ordinance, appellant sought an injunction below against the appellee's use of the land involved as a mobile home facility, based upon the prohibition of the zoning ordinance. The appellees have filed no brief in this appeal, after an extension of time was granted for such purpose, as provided by Rules of the Supreme Court, Rule 11, 17 A.R.S.

Briefly, the facts here are that the appellee, Mary A. Evans, purchased property in the Town of Cottonwood for $20,000 on approximately February 6, 1969. The appellee, Louis M. Evans, had an interest in this property, though not of record. He had discussed with two city officials (the town clerk and the person who later became zoning administrator) the fact that there were no zoning restrictions on the property prior to that time, but that a zoning ordinance was being worked on. Mr. Evans was told in January, 1969, by these two people that passage of such an ordinance was anticipated within "the next months" and early in March, 1969, respectively. Between March 4, 1969, and March 12, 1969, twelve mobile homes were moved upon the property in question. Prior to March 11, 1969, there was a small amount of grading done on the property and a quantity of signs placed there, which advertised the property as a "mobile home park" and that additional facilities were "coming soon."

On March 11, 1969, the twelve trailers had no electrical or sewerage connections. The appellees had had a plat prepared (but not recorded), which provided for over 100 mobile home lots.

▌Trial counsel for the appellees were granted leave to withdraw from the case after the motion for new trial was denied. Present counsel for appellees were granted an extension of time (60 days) in which to file an answering brief after the appellant had filed a motion to submit appeal for decision in favor of appellant, on the basis of the Rules of the Supreme Court, Rules 5(f) (2) and 7(a) (2), 17 A. R.S. No brief having been filed by appellees, disposition of this case is determined by the long-standing rule that where debatable issues are raised on appeal, failure to file a brief constitutes confession of reversible error. Tiller v. Tiller, 98 Ariz. 156, 402 P.2d 573 (1965); National Exhibition Co. v. Marx, 9 Ariz.App. 482, 453 P.2d 993 (1969).

▌The question to be answered here is whether or not there are any debatable issues raised on the basis of the record here. We have examined the record for debatable issues as we consider to be our duty. Del Castillo v. Harbour, 8 Ariz.App. 233, 445 P.2d 181 (1968). We conclude that it is a debatable issue whether or not

the trial court's ruling that the appellees had established a valid non-conforming use of the land here prior to enactment of the zoning ordinance in question was correct. Kubby v. Hammond, 68 Ariz. 17, 198 P.2d 134 (1948); Phoenix City Council v. Canyon Ford, Inc., 12 Ariz.App. 595, 473 P.2d 797 (1970). Therefore, the confession of error rule is applicable.

Reversed and remanded for further proceedings not inconsistent herewith.

HOWARD and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.