480 P.2d 13

**MEINHARD–COMMERCIAL CORPORA-TION, a corporation, Appellant,**

v.

**OXFORD SHOPS, INC., a corporation, Joseph Kalish, Jr., Wilfred Joseph and Laurel K. Joseph, Appellees.**

**No. 1 CA–CIV 1356.**

Court of Appeals of Arizona, Division 1.

Feb. 1, 1971.

Wilson, McConnell & Moroney, by Beverly J. McConnell, Phoenix, for appellant.

No appearance by appellees.

KRUCKER, Chief Judge.

This appeal challenges the granting of summary judgment to the appellees, defendants below, on their motion for summary judgment.[1]

Briefly, the facts are that the plaintiff, Meinhard-Commercial Corporation, was the assignee of accounts receivable from the E. E. Taylor Corporation, Gordon-Ford, Inc., dba Gordon of Philadelphia, Brian Sportswear, Inc., Stanley Blacker, Inc., and A. Rivetz Company, Inc. The complaint alleged that the total of the accounts due from the defendant Oxford Shops, Inc. was $6,419.08, that the balances were due on open accounts, a valid assignment of the accounts and a written guaranty of payment by Joseph Kalish, Jr., Wilfred Joseph and Laurel K. Joseph.

The defendants plead certain affirmative defenses but did not plead plaintiff's noncompliance with A.R.S. § 10–481, as amended. They did, however, on motion

1. Appellant also claims that the trial court erred in denying its motion for summary judgment, a non-appealable ruling.

for summary judgment, challenge plaintiff's right to maintain the action and the trial court apparently found that A.R.S. § 10–482 barred the action. It therefore concluded that plaintiff had failed to state a claim for relief and the defendants were entitled to judgment as a matter of law.

■ Counsel for defendants were allowed to withdraw as attorneys of record at the time the judgments were entered. Defendants have filed no brief on appeal, as provided in Rules of the Supreme Court, Rule 5(d), 17 A.R.S., as amended. It has long been held in this State that where debatable issues are raised, failure to file a brief constitutes confession of reversible error. Tiller v. Tiller, 98 Ariz. 156, 402 P.2d 573 (1965); Dowding v. Smithers, 82 Ariz. 261, 311 P.2d 967 (1957); National Exhibition Co. v. Marx, 9 Ariz.App. 482, 453 P.2d 993 (1969).

■ We have examined the record for "debatable issues," as we consider it our duty to do so. Del Castillo v. Harbour, 8 Ariz.App. 233, 445 P.2d 181 (1968). It would appear that the plaintiff, a foreign corporation, was suing to collect a debt allegedly owed by the corporate defendant and guaranteed by the individual defendants. It is questionable whether plaintiff was doing business within the State so as to require it to comply with A.R.S. § 10–481, as amended. Rock-Ola Mfg. Corp. v. Wertz, 249 F.2d 813 (4th Cir. 1957); 20 C.J.S. Corporations § 1835. We therefore conclude that the propriety of granting defendants' motions for summary judgment is debatable, requiring application of the "confession of error" rule.

Judgment reversed and the cause remanded for further proceedings not inconsistent herewith.

HOWARD and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.