480 P.2d 373

**CIVIL SERVICE EMPLOYEES INSURANCE COMPANY, a corporation, Appellant,**

v.

**William R. STICHT and Peggy Gene Sticht, husband and wife, and Olgerd W. Kalyna, Appellees.**

**No. 1 CA–CIV 1350.**

Court of Appeals of Arizona,
Division 1.

Feb. 10, 1971.

Boettcher, Crowder & Schoolitz, by William H. Boettcher, Scottsdale, for appellant.

O'Reilly, Pollock, Pizzo & Brash, by Patrick W. O'Reilly, Phoenix, for appellees.

HATHAWAY, Judge.

This appeal challenges the correctness of the trial court's dismissal of appellant's complaint for declaratory judgment and quashal of a temporary restraining order.

The pertinent allegations of the complaint filed below are that the plaintiff-insurer had issued an insurance policy to the defendant-husband, that the defendant-wife

had been involved in an automobile accident, that the defendants had filed a demand for arbitration under the uninsured motorist coverage provision of the policy, and denied that there was coverage to the Stichts under the terms of the policy. The insurer's denial of coverage was predicated on an exclusion provision relative to settlement without the consent of the insurer—the complaint alleged a settlement and the execution of a release from liability by the Stichts. The insurer additionally alleged that the vehicle which struck Mrs. Sticht's vehicle was not an uninsured automobile as defined in the policy.

The defendants filed a motion to dismiss the complaint, challenging the trial court's jurisdiction on the grounds that the parties had expressly contracted to submit to arbitration on the coverage issues. The trial court apparently agreed and dismissal followed.

 The appellees have filed no answering brief on appeal, as provided in Rule 5(d), as amended, Rules of the Supreme Court, 17 A.R.S. Whether or not we treat such failure as a confession of reversible error depends upon the existence of debatable issues. Del Castillo v. Ray Harbour's Engine and Transmission Rebuilders, 8 Ariz.App. 233, 455 P.2d 181 (1968); National Exhibition Company v. Marx, 9 Ariz.App. 482, 453 P.2d 993 (1969). The pivotal question is—does the insurance policy require submission to arbitration of the questions presented by the insurer for judicial determination?

The pertinent policy provisions are:

"Coverage U—Damages For Bodily Injury Caused By Uninsured Automobiles: To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such unin-

sured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

\* \* \* \* \* \*

"3. Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."

Professor Widiss, in his book "A Guide to Uninsured Motorist Coverage" (1969) points out that interpretation of this provision has been the subject of much litigation. § 6.17, p. 202. One thing is clear—there is a decided difference of judicial opinion as to what issues are arbitrable. In a few jurisdictions, it has been held that all issues arising under the uninsured motorist coverage containing an arbitration provision would be submitted to the arbitrator. See Annot. 29 A.L.R.3rd 328, § 3 and cases cited therein. In other jurisdictions, an agreement for arbitration where there is a dispute as to the liability of the other motorist or the amount of damages has been held to require arbitration only of issues relating to negligence and damages, and not to include issues relating to coverage under the uninsured motorist endorse-

ment itself. Ibid. § 5 et seq. In the case *sub judice,* the questions submitted by the insured for determination by the court did not relate to the issues of negligence and the amount of damages. The trial court, however, in ruling as it did apparently concluded that the arbitration provision required submission of every issue to arbitration.

The disparity of viewpoint as to the construction of the subject arbitration provision inexorably leads us to conclude that debatable issues exist, thus requiring application of the "confession of reversible error" rule.

The judgment of dismissal is therefore reversed with directions to reinstate the complaint.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.