482 P.2d 899

**AIR EAST, INC., a California corporation, Appellant,**

v.

**R. C. WHEATLEY, Mike Wheatley, by and through his Guardian ad Litem, R. C. Wheatley, Roland Talkington, Harry Thurmer, C. D. Kirk, Appellees.**

**No. I CA–CIV 1323.**

Court of Appeals of Arizona, Division 1.

March 22, 1971.

 

Carl D. Hammond, Kingman, and Samuel Lipson, North Hollywood, Cal., for appellant.

Hiser & Bruno, by H. Louis Hiser, Kingman, for appellees.

HATHAWAY, Judge.

This is an appeal from an order in the superior court denying a defense motion to vacate a default judgment. We will refer to appellant as defendant and appellees as plaintiffs.

Plaintiffs filed a lawsuit against the defendant in the superior court in Mohave County on June 23, 1969, claiming compensation for services rendered to the defendant and expenses totaling $9,680. On the next day, Carl Murphree was served with a copy of the summons and complaint at the Sheriff's Office at Kingman, Arizona. The Sheriff's return did not indicate in what capacity Carl Murphree was served, but a civil deputy sheriff stated in an affidavit that Carl Murphree was served as a director of Air East, Inc. An attachment was levied on 3 aircraft located at the Kingman Airport on the same day that the lawsuit was filed.

On July 15, 1969, a default was entered in the action and on the next day the cause was heard by the court, without a jury, and the court found that the defendant, Air East, Inc., had been regularly served with summons and complaint and had failed to appear and answer or otherwise plead. After considering the plaintiffs' case the court ordered judgment as prayed for in the complaint, foreclosed the attachment lien on the 3 aircraft and ordered a special execution and order of sale directing the Sheriff to sell the aircraft.

On August 18, 1969, the defendant moved to set aside the default judgment on the grounds that service of process was insufficient and void and that defendant had a meritorious defense. On November 24, 1969, plaintiffs responded to the defendant's motion and testimony was taken concerning the authority and status of Carl Murphree upon whom service was made.

John Firestone, Vice President and Assistant Secretary-Treasurer of Air East, Inc., testified that Mr. Murphree was a director of Air East and that his primary function with the company was to secure additional aircraft. He had signed for the corporation in the application for aircraft registration with reference to the 3 aircraft under attachment at Kingman. It also appeared that Murphree signed many checks for the corporation on a checking account where Murphree or Dennis Firestone could sign with John Firestone.

Service was attempted under A.R.C.P. 4(d)6, 16 A.R.S., which provides:

"Service shall be made as follows:

  *   *   *   *   *   *

6. Upon a domestic or foreign corporation or upon a partnership * * * by delivering a copy of the summons and of the complaint to a partner, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *."

Proper service of process under this rule is essential for the court to have jurisdiction of defendant. Schering Corp. v. Cotlow, 94 Ariz. 365, 385 P.2d 234 (1963); De Claire Mink Ranches v. Federal Foods, Inc., 192 F.Supp. 148 (N.D.Iowa 1961).

The pivotal question on this appeal is whether Carl Murphree was an agent of the defendant on whom service of process could be made. The plaintiffs have not filed an answering brief in opposition to the defendant's opening brief. We will assume that the failure to file an answering brief constitutes a confession of reversible error, Tiller v. Tiller, 98 Ariz. 156, 402 P. 2d 573 (1965); Siemers v. Randall, 94 Ariz. 302, 383 P.2d 753 (1963), if the reasons presented for reversal are "debatable."

It is, however, our duty to examine the record to determine whether there are debatable issues, Civil Service Employees Ins. Co. v. Sticht, 14 Ariz.App. 36, 480 P.2d 373 (filed 2/10/71), Del Castillo v. Ray Harbour's Engine and Transmission Rebuilders, 8 Ariz.App. 233, 445 P.2d 181

(1968); National Exhibition Co. v. Marx, 9 Ariz.App. 482, 453 P.2d 993 (1969); Hoffman v. Hoffman, 4 Ariz.App. 83, 417 P.2d 717 (1966).

After taking evidence at the hearing on the motion to vacate the default judgment, the trial court took the matter under advisement and then entered the following minute entry order:

"The Court considered the testimony and exhibits admitted in evidence at the hearing on defendants' Motion to Set Aside Default Judgment.

Although no citation is made by counsel for defendant as to what Rule of Civil Procedure he relies on for relief from the Judgment, the Court concludes that it was on the basis of Rule 60(c), Rules of Civil Procedure, Amended, claiming that the Judgment entered herein is void for lack of service of Summons and Complaint upon a properly authorized person as set forth in Rule 4(d)6, Rules of Civil Procedure.

Under this Rule, it is clear that service may be made upon a non-resident corporation only by service on an officer, managing or general agent, or upon its statutory agent.

For the purpose of this motion only, the Court finds that CARL MURPHREE resigned as President of MURPHREE AIR INTERNATIONAL, INC., on August 27, 1968, and has not since been formally elected or reelected to any office of MURPHREE AIR INTERNATIONAL, INC., or AIR EAST, INC. Also there is no showing that CARL MURPHREE at the time of service was the duly appointed statutory agent of MURPHREE AIR INTERNATIONAL, INC., or AIR EAST, INC. However, the term 'Managing or General Agent' has been construed in Arizona by our Supreme Court in Shering [sic] v. Cotlow, 94 Ariz. 365 [385 P.2d 234], as meaning an agent of such character and rank so that it is reasonably certain the defendant will receive actual notice of the service of process. Also it was held

in that case that the term 'Managing or General Agent' should be liberally construed.

The Court finds that although without official title, CARL MURPHREE after his resignation as an officer was allowed by the corporate officers of MURPHREE AIR INTERNATIONAL, INC., to perform many important functions for the corporation: signing a Complaint in a lawsuit on behalf of the Corporation against Flying Tigers; signing joint signature checks of the Corporation with JOHN FIRESTONE; negotiating a proposed loan for the Corporation; causing registration of nine Constellation airplanes in the name of the Corporation; handling arrangements for proposed acquisition of numerous airplanes; being authorized to interview and pass upon qualifications of flight crews to fly airplanes; being sent to Kingman by JOHN FIRESTONE to arrange a lease in Kingman of a portion of the Kingman Airport; and to do whatever other duties JOHN FIRESTONE would designate.

In view of the apparent nature of the business of the corporate defendants, it would appear that CARL MURPHREE was delegated sufficient duties by the Corporation as to raise him to the character and rank of an agent such that it would be reasonably certain that defendants would receive actual notice of the service of process. This is attested to by the uncontroverted evidence that in fact he did by telephone contact Mr. Falconer, another untitled agent of the Corporation entrusted with important functions, who is the Grandfather of the now President of AIR EAST, DENNIS FIRESTONE, and the Father-in-law of Vice President JOHN FIRESTONE, and advised him of the Service of Summons and Complaint and sent the same on to the place designated by Falconer. There is no showing by the evidence that defendants were in the slightest prejudiced or inconvenienced by the service on MURPHREE; that there was a delay in his notification or mailing of the Summons and Complaint; that they did not in fact receive them; or that they received them so late that they could not have filed an Answer or a Motion to Quash Service timely. Also defendants are not claiming mistake, inadvertence or excusable neglect.

Under these circumstances, IT IS ORDERED denying defendants' Motion to Set Aside Default Judgment."

■ On reviewing the record, we are convinced that there is no "debatable" issue and that the order of the trial court was correct. Schering Corp. v. Cotlow, supra, relied upon by the court in its order, is pertinent. Appellant claims that Murphree was not a general agent sufficient to complete service under Rule 4(d), A.R.C.P. and that he held himself out as an agent of the corporation rather than the corporation holding him out as agent. They point to a purported resignation as president of the corporation as proof of this. We must view the facts before us in a light most favorable to support the judgment. Lawrence v. Valley National Bank, 12 Ariz.App. 51, 467 P.2d 763 (1970). After the purported resignation, Murphree did the following, all within the knowledge of other corporate officials:

1. As president of the corporation signed a complaint filed against Flying Tiger Airlines.

2. Negotiated a settlement with Flying Tiger Airlines and as president signed the bills of sale for nine airplanes and signed as president an application for aircraft registration of the planes for the corporation.

3. Negotiated loans for the corporation.

4. Secured additional aircraft for the corporation and went to Alaska and Singapore on corporation business.

5. Testimony shows he was director of the corporation at the time of service.

6. Signed dual signature paychecks and other checks of the corporation.

7. Was sent to Arizona to negotiate continuances of lease with the City of Kingman.

8. Supervised plane maintenance.

9. Represented corporation in contract negotiations with a repair company.

10. Was held out as president of the corporation to an employee who was to establish a repair station in Kingman. The employee was told that Murphree was in charge of setting up the operation at Kingman and that Murphree would tell him what to do.

When Murphree was served he immediately mailed the summons to the corporation's home office. From the facts set out above, it is clear that in substance Murphree with the consent of the corporation acted as agent for it, even as president in some instances. According to Schering, supra, the "managing or general agent" in Rule 4(d), A.R.C.P., need not possess general powers to exercise judgment and discretion in corporate matters. Since the record shows that Murphree was to be in charge of setting up the repair station in Kingman, he falls well within the definition of "managing or general agent." The record shows so clearly that Murphree was held out as and acted as agent for the corporation that we are unable to find a debatable issue.

■ For the first time on appeal appellant argues that the corporation was not "doing business" in the state and did not have the required presence in the state which is necessary before service of process can be accomplished through Rule 4(d), A.R.C.P. Though mention of this argument was never made in the lower court, we feel compelled to comment on its validity. Air East had three planes in Arizona and had leased property upon which to keep them. Not only did Air East send Murphree to Arizona to negotiate an extension of this lease but also Murphree was to establish a repair station for aircraft. He took steps to accomplish this task. We believe there is sufficient showing that Air East was "present" in the state.

Affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.