485 P.2d 573

**Mary Joan PARRISH, Appellant,**

v.

**George K. PARRISH, Appellee.**

**No. I CA–CIV 1326.**

Court of Appeals of Arizona,
Division 1.

June 7, 1971.

Peter T. Van Baalen and Herbert B. Finn, Phoenix, for appellant.

HOWARD, Judge.

In April, 1969, the appellant obtained a decree of divorce from the appellee into which was incorporated the following provision of the property settlement agreement:

\* \* \* \* \* \*

"The husband [appellee] will assume and be responsible for the payment of all the community obligations incurred by the parties including the obligation to pay $88.00 per month to the AEA Credit Union, \* \* \*

Husband agrees to save the wife harmless from responsibility of the payment of the community debts which he agrees to pay."

\* \* \* . \* \* \*

The monthly payments to the credit union were to pay off a loan incurred during coverture which was secured by the household furniture and the automobile awarded to appellant in the divorce decree. In September, 1969, appellant filed a petition for modification of the divorce decree, alleging that the appellee had indicated that he had no intention of paying the debts required by him to be paid, thereby endangering the security (furniture and automobile) belonging to appellant. The relief requested by appellant was that the court order the appellee to pay such sums directly to her for application on these debts, in particular

the sum owing to the credit union. An order to show cause was issued to appellee who thereupon filed a motion to quash the order to show cause. In support thereof, he challenged the court's jurisdiction to grant relief pursuant to appellant's petition for modification for the reason that it did not "pertain to either alimony or child support." In other words, it was his position that the continuing jurisdiction of the superior court as delineated in A.R.S. § 25–321 did not apply to the appellant's petition. A hearing was conducted on the appellee's motion to quash at which time legal argument was heard by the court, and after submission of memoranda by the respective parties, the court ordered that the order to show cause be quashed and that appellant's petition for modification be denied. This appeal followed.

Appellee has filed no answering brief in this court and therefore we are faced with the question of whether such failure requires application of the "confession of error" rule. The appellate courts of this state, generally speaking, treat such failure on the part of an appellee as a confession of reversible error where debatable issues are presented by the appellant. National Exhibition Company v. Marx, 9 Ariz.App. 482, 453 P.2d 993 (1969).

The trial court apparently concluded as a matter of law that appellant was not invoking its continuing jurisdiction of alimony and child support matters and therefore it was without authority to modify the divorce decree. Appellant, however, has cited to this court respectable authority in support of her position, i. e. that under its continuing jurisdiction the court may make an award of alimony within a husband's ability to pay for the specific purpose of enabling his former spouse to protect her interest in community property awarded to her. E. g. Tompkins v. Tompkins, 83 Cal. App.2d 71, 187 P.2d 840 (1947); Bowman v. Bowman, 29 Cal.2d 808, 178 P.2d 751 (1947); Mauldin v. Mauldin, 275 P.2d 113 (Cal.1954). We believe, therefore, that a "debatable issue" is presented by this appeal requiring invocation of the "confession of error" rule.

The trial court's order is hereby vacated with directions to reinstate the appellant's petition and the order to show cause.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.