498 P.2d 523

**LIBERTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Alan MacLEOD, also known as Allan McLeod or Allen McLeod, Appellee.**

**No. I CA–CIV 1773.**

Court of Appeals of Arizona, Division 1.

June 29, 1972.

**450**

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by John H. Lyons, Phoenix, for appellant.

Corbet & Esser by Fred R. Esser, Phoenix, for appellee.

KRUCKER, Chief Judge.

Appellant, Liberty Mutual Insurance Company, issued policies of insurance wherein they agreed to insure and indemnify Bausch and Lomb Company against loss sustained through fraudulent or dishonest acts by the employees of Bausch and Lomb Company. Appellee was a branch manager of Bausch and Lomb for the Phoenix, Arizona office and is alleged to have misappropriated and converted monies to his own use causing Bausch and Lomb to sustain a loss of $9,543.11. An action was brought against the appellee to recover this amount.

The trial court granted summary judgment in favor of the appellee and this appeal followed. The summary judgment was granted on the basis of the three-year statute of limitations applying to fraud or conversion, A.R.S. §§ 12–542 and 543. Appellant contends that the suit was based on a written contract of indemnity and that the six-year statute of limitations, A.R.S. § 12–548, would apply.

Appellee has failed to appear or file a brief, and this may be taken as a confession of reversible error under the provisions of Rule 5(d), Rules of the Supreme Court, 17 A.R.S., as amended. When a debatable issue is raised it will be taken as a confession of error if no response or answer is filed. Meinhard-Commercial Corp. v. Oxford Shops, Inc. et al., 13 Ariz. App. 592, 480 P.2d 13 (1971).

Applying the confession of error rule, we must determine if there is a debatable issue. Civil Service Employees Insurance Co. v. Sticht, 14 Ariz.App. 36, 480 P.2d 373 (1971).

In the appeal before us we have a suit for debt based upon a written contract or obligation and believe the six-year statute should apply. We will treat the

failure to file an answering brief as confession of error in the application of the three-year statute.

Reversed.

HATHAWAY and HOWARD, JJ., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.