534 P.2d 765
**CITY VAN AND STORAGE,
Petitioner Employer,
The Home Insurance Company,
Petitioner Carrier,
v.
The INDUSTRIAL COMMISSION of
Arizona, Respondent,
and
Robert Lee Brown, Respondent Employee.
No. 1 CA–IC 1167.**

Court of Appeals of Arizona,
Division 1,
Department C.

May 1, 1975.
Rehearing Denied June 4, 1975.
Review Denied July 1, 1975.

Everett, Bury & Moeller, P. C. by J. Michael Moeller, Tucson, for petitioners.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

No appearance for the respondent employee.

## OPINION

STEVENS, Judge.

Does the file present a debatable issue which, in the absence of a brief by the respondent employee, requires that the award in favor of the employee be set aside? We hold that the answer to this question is in the affirmative.

We are handicapped in this matter in that there are two Industrial Commission claim files, one wherein the carrier was the State Compensation Fund (Fund) and one wherein the carrier is one of the petitioners herein, The Home Insurance Company (Home). The only file before this Court is the one wherein Home is the carrier. We gather some information relative to the historical background which we cannot set forth with certainty and which we will set forth with the qualifying word "apparently."

Apparently, Robert Lee Brown (employee) has been a hard working, faithful employee of City Van and Storage (employer) for some period of time. Apparently, only one employer is involved so that any industrial responsibility would rest with the employer and one of its carriers.·

Apparently, on 4 April 1957 the employee sustained an industrially related back injury at a time when the Fund was the carrier. Apparently, the industrial claim was accepted and processed resulting in an award in 1964.

Philip Derickson, M.D., was the attending physician. We are not informed as to the claim number assigned by the Commission.

Apparently, the employee resumed his service with the employer experiencing some back pain and at times wearing an orthopedic brace. In January 1971 the employee, by telephone, asked Dr. Derickson for an appointment. Dr. Derickson's schedule was such that he could not see the employee at that time and he prescribed some medication for the employee. The employee urges that he sustained an industrially related episode on 17 February 1971, which episode is the subject of the case now before this Court. Following that episode the employee apparently filed a petition to reopen the claim which arose out of the 1957 injury and that claim was assigned number 1/W–01–20. Apparently, the Fund issued its notice of claim status denying the petition to reopen. The employee filed a claim for a new injury based upon the same episode which bears claim number 1/0–83–89, wherein Home is the

carrier and this claim is the one which is before the Court. Home denied the claim.

There was a consolidated hearing which was held on 11 August 1971, a reporter's transcript whereof is in the file before this Court. At the August 1971 hearing the Fund and Home were both represented. At that hearing the employee, Dr. Derickson and Mark E. Frankel, M.D. testified. After the episode in question the employee had seen Dr. Frankel, due to his inability to secure an earlier appointment with Dr. Derickson. An award was entered in favor of the employee and against Home. Apparently, a separate award under claim number 1/W–01–20 was entered in favor of the Fund denying the petition to reopen.

Home brought the award to this Court by certiorari. The Fund was not a party in this Court. Home's petition for a writ of certiorari was assigned this court's number 1 CA–IC 814. The employee, who at all times known to this Court has apparently represented himself, did not appear in 1 CA–IC 814. If following the 11 August 1971 hearing there was a separate award in favor of the Fund in claim number 1/W–01–20 that award has not been brought to this Court for review.

On 6 November 1973 by memorandum decision, followed by a mandate of 26 November 1973, by virtue of an arguable question as to Home's liability in relation to the February 1971 episode and by reason of the absence of a brief by the employee, this Court set aside the 11 August 1971 award against Home.

In the meantime and on 30 September 1971, apparently Dr. Frankel performed surgery on the employee's back.

Following the entry of the above mandate there was a *de novo* hearing which was held on 6 March 1974. Home and the employee appeared. The Fund was not served with a notice of the hearing and did not appear. Home objected to the absence of the Fund, which objection was overruled by the hearing officer. The only witnesses were the employee and Dr. Derickson who had not seen the employee pro-

fessionally since 17 March 1964. Dr. Frankel was not called as a witness. The transcript of the March 1974 hearing discloses some reference to portions of the transcript of the 11 August 1971 hearing. It is not clear whether the hearing officer considered the whole thereof. There was no medical evidence which showed the nature of the 30 September 1971 surgery performed by Dr. Frankel or the presence of a causal relationship between the surgery and the 17 February 1971 industrial episode.

On 11 March 1974 the hearing officer again ruled in favor of the employee and against Home. This was upheld on 7 May 1974 on a timely review and this claim is again before us in the instant cause. Home asserts that this Court's vacating of the 11 August 1971 award by its memorandum decision of 6 November 1973 had the effect of reinstating the employee's petition to reopen wherein the Fund was a party. The Fund is not before this Court. We express no opinion as to that contention.

 Our review of the record of the 6 March 1974 hearing discloses, at least, a debatable issue as to any Home responsibility arising out of the 17 February 1971 episode. There has again been no appearance by the employee. In the face of the absence of essential medical testimony, this constitutes a confession of reversible error. Tiller v. Tiller, 98 Ariz. 156, 402 P.2d 573 (1965); Town of Cottonwood v. Evans, 13 Ariz.App. 595, 480 P.2d 16 (1971). See Rule 7(a)(2), Rules of the Supreme Court, 17A A.R.S. The rules applicable to civil appeals are also applicable to compensation cases where review is by certiorari. Industrial Commission of Arizona v. Cameron, 103 Ariz. 613, 447 P.2d 871 (1968).

The award of 11 March 1974 and the affirmance on 7 May 1974 are set aside.

WREN, J., concurs.

NELSON, Presiding Judge (specially concurring).

While I fully concur in the determination of the majority that the award must

be set aside, I would reach and decide the threshold issue of the proper parties both before this Court and before the Industrial Commission. As Judge Stevens points out, supra, the hearing officer below refused to join the State Compensation Fund in the hearing held on this matter on 6 March 1974 after our initial memorandum opinion in this case on 6 November 1973. I believe that decision was improper and resulted in proceedings without an indispensable party.

An increasing number of cases involving disputes between carriers and employers as to who is liable to pay an admittedly injured workman, injured by accident in the course of his employment, are appearing before this Court. E. g., Coca-Cola Bottling Co. v. Wokatsch, 23 Ariz.App. 496, 534 P.2d 304 (Filed April 17, 1975). This is apparently not a recent phenomenon. 3 Larson's Workmen's Compensation Law, § 95 (1973). While I have not found, nor has my attention been directed to a case where, because of technicalities and multiple parties and claims, an injured workman has been left without just compensation, this case comes close enough to that situation to provoke this Court to express its alarm in the hope of preventing such unfortunate occurrences in the future.

If we were to hold that when an injured workman has worked with one employer who has been insured by more than one carrier, and there is a dispute as to which carrier is liable for the compensation, both or all the carriers are indispensable parties to any hearings or actions, the injured workman would be protected in all cases. I read Aetna Casualty & Surety Company v. Industrial Commission of Arizona, 17 Ariz.App. 137, 495 P.2d 1344 (1972), to point the way to this conclusion and I would now hold that way in this case.

In addition, as Judge Stevens also points out, the decision of our Supreme Court in Industrial Commission of Arizona v. Cameron, supra, makes the procedural rules of court applicable to workmen's compensation cases. That decision, when read in conjunction with A.R.S. § 23–951, and par-

ticularly subsection E., makes the application of Rule 1(b), par. 2, Rules of the Supreme Court, 17A A.R.S. proper in this case. Rule 1(b), par. 2 requires the disclosure of the real parties in interest in the application for the writ. The real parties in interest in this case are Brown *and the State Compensation Fund.* Both should have been denominated as respondents in this case. The real party in interest to the *dispute itself* is the State Compensation Fund and it should be required to respond and defend both at the Commission level and in this Court.

The course this action has taken indicates the need for such a holding. Brown, who has apparently carried his burden of showing that his injury arose out of and occurred in the course of his employment, at the very best will be forced to get a lawyer, at an added, and in my view unnecessary cost to himself, in an effort to obtain compensation from at least one of the carriers. At the worst, he will get nothing because of technicalities and time limits unrelated to his reponsibility to show he was injured and that his injury arose out of and occurred in the course of his employment.