NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

LISA SWANSON, *Petitioner/Appellee*,

*v.*

JOEL BALL, *Respondent/Appellant*.

No. 1 CA-CV 23-0473 FC
FILED 06-06-2024

Appeal from the Superior Court in Maricopa County
No. FC2015-054409
The Honorable Michael Valenzuela, Judge

**AFFIRMED**

COUNSEL

JD Ball, Scottsdale
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which
Presiding Judge Angela K. Paton and Judge Michael S. Catlett joined.

**M O R S E**, Judge:

¶1 Joel Ball ("Husband") challenges the superior court's denial of his petition to enforce terms in the parties' dissolution decree that pertain to past marital community businesses. Although Lisa Swansen ("Wife") did not file an answering brief, we affirm because Husband has not raised any debatable issues on appeal.

## FACTS AND PROCEDURAL BACKGROUND

¶2 The parties' marriage was dissolved in 2017. Before dissolution, the parties owned two business entities: Hybritech Medical Group ("Hybritech") and Columbia Healthcare ("Columbia"). In the dissolution decree, the superior court granted Husband "the entire community interest in Hybritech and Columbia, and any subsidiary or related entity that the community had an interest in, with no equalization due to [Wife]." It also directed the parties to "equally share any liabilities associated with Hybritech or Columbia . . . incurred on or before May 31, 2016."

¶3 Husband petitioned to enforce these provisions in August 2022. He alleged Wife had formed a new business, MobileOneDoc LLC ("MOD"), "from Hybritech taking the clients, the patients, the staff, the business plan, and all assets from Hybritech community interest [sic]." On that basis, he requested "all revenue generated from [MOD] . . . from the date of ruling to today and thereafter" ("MOD Claim"). He also alleged "[t]he Columbia liability prior to May 2016 totaled $240,000," and on that basis he requested an additional $120,000 from Wife ("Contribution Claim").

¶4 Wife moved pursuant to Arizona Rule of Family Law Procedure ("Rule") 29 to dismiss Husband's petition. The court dismissed the MOD Claim, finding that while Husband "allege[d] that [Wife] stole customers from the community business," he did not allege that MOD is "a subsidiary or related entity to the two community businesses." The parties proceeded to an evidentiary hearing on the Contribution Claim and Wife's then-pending petition to enforce child support. After the hearing, the court issued a signed Rule 78(b) judgment denying the Contribution Claim, finding that Husband "provided only a vague accounting of the debts" through monthly bank statements that did not show "what debts the company owed on May 31, 2016 . . . [or] that Husband paid these debts." Husband appealed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶5** Husband contends that the court erred in dismissing the MOD Claim and by ruling that Wife did not violate the divorce decree. Specifically, he argues that the MOD claim is a related entity to both Hybritech and Columbia and the bank records he provided to the court were sufficient evidence to prove Wife did not pay her liabilities. Wife failed to submit an answering brief. When an appellee fails to file an answering brief and debatable issues exist, we consider such failure a confession of reversible error. *See Mayberry v. Stambaugh*, 1 CA-CV 23-0289 FC, 2024 WL 1282653, at *1, ¶ 5 (Ariz. App. Mar. 26, 2024) (mem. decision) (Morse, J., specially concurring) ("[W]hen an appeal raises debatable issues, and a child's best interests are not at issue, we must treat an appellee's failure to respond as a confession of reversible error."); *but see Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014) (stating that we "may" treat a failure to file an answering brief as a confession of reversible error on debatable issues). We therefore examine the record to determine whether Husband has raised debatable issues. *Meinhard-Com. Corp. v. Oxford Shops, Inc.*, 13 Ariz. App. 592, 593 (1971); *see Nat'l Exhibition Co. v. Marx*, 9 Ariz. App. 482, 483 (1969) (stating that reversal based on confession of error "requires a determination that appellant's contentions are substantially debatable").

## I. MOD Claim.

**¶6** We review the grant of a motion to dismiss under Rule 29(a)(6) and the legal conclusions therein de novo. *Cox v. Ponce*, 251 Ariz. 302, 304, ¶ 7 (2021). And we defer to the superior court's "findings of fact when they are supported by the record and not clearly erroneous." *State v. Hulsey*, 243 Ariz. 367, 377, ¶ 17 (2018).

**¶7** Husband contends the court erred in finding he did not allege MOD is a related entity of Hybritech. In support, Husband cites his allegation that Wife "created [MOD] from Hybritech taking the clients, the patients, the staff, the business plan, and all assets from Hybritech community interest." He also contends the court should have treated the Rule 29 motion to dismiss as a Rule 79 motion for summary judgment because the court used "matters outside the pleadings."[1] But Husband did not raise this argument before the court and has waived it on appeal. *See*

---

[1] Because Rule 56 relates to discovery, we assume Husband intended to argue the motion should be converted to a Rule 79 motion for summary judgment.

*Moretto v. Samaritan Health Sys.*, 190 Ariz. 343, 346 (App. 1997) (noting that failure to raise "any procedural irregularity" before the superior court, waives the procedural issue on appeal). Waiver aside, the court was not required to convert the motion to dismiss to a motion for summary judgment because the order dismissing the claim only relies on matters that were brought in Husband's affidavit or the decree. *See Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012) (noting that a "complaint's exhibits, or public records regarding matters referenced in a complaint, are not 'outside the pleading,' and courts may consider such documents without converting a Rule [29(a)](6) motion into a summary judgment motion")

**¶8** The court found that Husband only alleged that "[Wife] stole customers from the community business," and did not allege "that [MOD] is a subsidiary or related entity to the two community businesses." The decree granted Husband the community interest in Hybritech, Columbia, and "any subsidiary or related entity that the community had an interest in." But Husband admitted in his motion for reconsideration that he did not allege a subsidiary relationship, arguing instead that "[t]he gravamen of the [petition] is predicated on it being a given that MOD is a subsidiary of [Hybritech]." That Wife allegedly took "all assets" from Hybritech does not mean MOD is a subsidiary of Hybritech. On appeal, we do not reweigh the evidence presented to the court. *Gutierrez v. Fox*, 242 Ariz. 259, 272, ¶ 49 (App. 2017). Because Husband's argument challenges the court's evaluation of the weight of the evidence presented below, he has not raised debatable issues as to the MOD Claim.

## II.    Contribution Claim.

**¶9** Husband also contends the court "abused [its discretion] in claiming bank statements do not show a company's paid debts" and by ruling that the "bank statements are only a vague accounting of the debts." Because the court held an evidentiary hearing on the Contribution Claim, we review its ruling for an abuse of discretion. *See Borja v. Borja*, 254 Ariz. 309, 313, ¶ 10 (App. 2022) (noting that "we defer to the superior court's factual findings that are supported by competent evidence").

**¶10** Although Husband indicated in his case management statement that he had ordered a hearing transcript, there is no transcript in the record. Absent a transcript, we presume the evidence presented at the hearing supported the court's findings. *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010). And the bank statements in the record do not by themselves indicate the court abused its discretion in finding they "do not show that [Husband] paid [the Columbia] debts." To the extent that

4

additional argument was presented at the hearing, we presume they support the court's ruling. *See Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005). Therefore, Husband failed to raise debatable issues as to the Contribution Claim.

## CONCLUSION

**¶11** Because Husband has not raised debatable issues, we do not treat Wife's failure to file an answering brief as a confession of reversible error. We affirm the superior court's rulings denying the MOD Claim and the Contribution Claim. *See Pinal Cnty., Juv. Action No. S-389*, 151 Ariz. 564, 565 (App. 1986) (affirming when "[o]ur review of the appellant's memorandum and of the record on appeal . . . shows that the issues raised are not debatable"). We do not award Wife taxable costs because she did not file an answering brief.



AMY M. WOOD • Clerk of the Court
FILED:   TM