486 P.2d 825

**STATE of Arizona and the State of Arizona Highway Commission, Petitioners,**

**v.**

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable Irwin Cantor, a Judge thereof; and the real parties in interest, Eugene A. ISHLER and Margaret E. Ishler, his wife, Respondents.**

**No. 1 CA–CIV 1702.**

Court of Appeals of Arizona,
Division 1,
Department B.
July 21, 1971.

**146**

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Richard McC. Shannon, Phoenix, for petitioners.

JACOBSON, Presiding Judge.

In this special action, petitioners, the State of Arizona and State of Arizona Highway Commission, urge that the respondent trial court exceeded its jurisdiction in denying petitioners' motion to dismiss the complaint therein on the grounds contained in Rule 6(f), Rules of Civil Procedure, 16 A.R.S., the summons not being served within one year from the date of filing the complaint.

The complaint was filed by Eugene and Margaret Ishler, respondents and real parties in interest, in the Superior Court on June 17, 1969, one day before the expiration of the applicable two year limitation statute. The complaint sounded in tort. No summons was issued in connection with this complaint, and in July 1970 the lawsuit was placed on the inactive calendar for dismissal. However, for some reason not reflected in the record, it was thereafter returned to the active calendar. A second, alias complaint was filed on March 10, 1971, realleging in haec verba the same matters contained in the original complaint filed on June 17, 1969. At the same time, March 10, 1971, the first and only summons relating to the lawsuit was served on the State of Arizona Highway Commission. The second complaint was filed one year and nine months after the limitation statute had run, and the summons was served at the same time, being more than one year after the original complaint was

filed. Petitioners thereupon moved to dismiss the complaint on the grounds contained in Rule 6(f), Rules of Civil Procedure, which provides:

> "6(f) Summons and service; abatement of action. An action shall abate if the summons is not issued and served, or the service by publication commenced within one year from the filing of the complaint."

The respondent court denied the motion by a bare minute entry, and this special action followed.

■ It is abundantly clear from the foregoing that the summons in this lawsuit was served beyond the one year period allowed for the service of the same after the filing of the original complaint. The second, alias complaint merely realleging the allegations of the original complaint did not extend this time period. In such a case it is clear that Rule 6(f), *supra*, requires the abatement of the action, unless the trial court in its discretion, upon good cause being shown, enlarges the time within which a defendant may be served. Grobe v. McBryde, 105 Ariz. 577, 468 P.2d 936 (1970); Taylor v. Superior Court In and For County of Maricopa, 13 Ariz.App. 52, 474 P.2d 59 (1970); Garcia v. Frey, 7 Ariz.App. 601, 442 P.2d 159 (1968); *see, also*, Rule 6(b), Rules of Civil Procedure, 16 A.R.S. Here, however, we are unable to discern from the record presented in this special action any evidence from which the respondent court could have found the requisite "good cause" necessary to grant an enlargement of time within which to serve the summons. In this regard, we have before us only the trial court's skeletal minute entry denying petitioners' motion, which furnishes no reasons therefor. Contrastingly, we have petitioners' uncontroverted allegation that the trial court did not grant an enlargement based upon any showing of good cause. In light of this record, we can only conclude that the trial court exceeded its jurisdiction in denying petitioners' motion.

■ ■ The fragmentary nature of the record in this special action is partly explainable by respondents' failure to file a response to the petition, as required by our special action rules or to appear before this Court at the time of oral argument. (Proof of service filed in this Court reflects timely service on counsel of record in the trial court.) Such failure also raises the applicability of the "confession of error" rule to this case. Under this rule, the appellate courts of this state treat the failure on the part of an appellee to file an answering brief as a confession of reversible error where debatable issues are presented by the appellant. Nelson v. Nelson, 91 Ariz. 215, 370 P.2d 952 (1962); Lothman v. Lothman, 11 Ariz.App. 419, 464 P.2d 1006 (1970). In view of our holding, *supra*, on the merits of this case, it is difficult to conceive a more appropriate situation to apply the rule.

The issuance by this Court of a mandate herein will constitute an order vacating the order of the trial court and dismissing the complaint.

HAIRE and EUBANK, JJ., concur.