501 P.2d 567

Joseph and Mary **BUCHANAN**, husband and wife, Appellants,

v.

Fred and Mary **JIMENEZ**, husband and wife, Appellees.

No. 2 CA–CIV 1249.

Court of Appeals of Arizona,
Division 2.

Oct. 3, 1972.

Lillian S. Fisher, Tucson, for appellants.
No appearance for appellees.

KRUCKER, Chief Judge.

This is an appeal by Joseph and Mary Buchanan, husband and wife, plaintiffs below, in a suit against appellees Jimenez and others. (The other defendants are not parties to this appeal.) The attorney for Mr. and Mrs. Jimenez has indicated that an appearance will not be made by Jimenez and no answering brief has been filed.

The subject of this appeal is a judgment dated April 20, 1972, dismissing the plaintiffs' complaint as to the appellees. Briefly, the facts are that the Buchanans owned property in Miami, Arizona, and while they were away on vacation the property was broken into and vandalized. Investigation by authorities indicated that five juveniles were thought to have caused the damage and action was instituted against the parents of the youths for compensatory and punitive damages.

The attorney for the Jimenez family had scheduled the taking of plaintiffs' depositions on December 1, 1971. Plaintiffs' attorney was going to be out of the country on the date selected and notified the court and counsel that she would be in Europe from the 15th of November, 1971 to January 10, 1972. On November 12, 1971, she filed a motion to continue the depositions. Without the knowledge of plaintiffs' counsel, the court denied the motion for a continuance and granted a motion to strike plaintiffs' complaint for failure to permit discovery.

Appellants claim that it was error to grant the motion to strike as there was no willful refusal to permit discovery. They further claim that the motion for a continuance of the deposition was without opposition and that the failure to appear for the deposition in no way prejudiced the defendants.

The failure to appear and file an answering brief can be a confession of error if the record reflects a debatable issue. Rule 7, Rules of the Supreme Court, 17 A.R.S. We are of the opinion that the propriety of dismissing an action because of failure to appear for a deposition is debatable. The complaint was dismissed under the provisions of Rule 37(b), as amended, Rules of Civil Procedure, 16 A.R.S., and it is within the discretion of the trial judge in regard to a failure to appear to make such orders as are just. The sanction of dismissal, however, is harsh and not to be invoked except under extreme circumstances. As noted above, there was no willful refusal to permit discovery; the court was notified of the absence of plaintiffs' counsel from the country; and counsel was not notified of the hearing held on the motion for a continuance of the deposition. As our Supreme Court stated in Treadaway v. Meador, 103 Ariz. 83, 436 P.2d 902 (1968):

"We do not think, however, that Rule 37(b) 2(iii), supra, where it is used as a sanction for failure to answer interrogatories, should, in the interest of justice, be so rigidly enforced. Litigation ought not be treated as a game but should be disposed of, where possible, upon its merits." 436 P.2d at 903.

*See also,* Zakroff v. May, 8 Ariz.App. 101, 443 P.2d 916 (1968).

There being a debatable issue, application of the "confession of error" rule requires reversal of the order of dismissal. The cause is therefore remanded with directions to reinstate the complaint as to the defendants Jimenez.

HATHAWAY and HOWARD, JJ., concur.