516 P.2d 587

**D. S. WELCH, D. O., Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, Honorable C. Kimball Rose, Judge of said court, Respondents, and**

**Gerald Lee ELLIOTT and Elizabeth Anne Elliott, Real Parties in Interest.**

**No. 1 CA–CIV 2543.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 11, 1973.

Rehearing Denied Jan. 3, 1974.

———◆———

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C., by Richard Shannon, Phoenix, for petitioner.

Johnson, Tucker, Jessen & Dake, P.A., by G. Michael Jessen, Terrence P. Woods, Phoenix, for real parties in interest.

## OPINION

EUBANK, Presiding Judge.

In this special action petitioner-defendant, D. S. Welch, D.O., seeks reversal of a minute entry order of the trial court in a pending civil action which required petitioner to answer certain written interrogatories to which he had objected on the basis of the doctor-patient privilege. This order was entered on October 11, 1973, with required compliance by October 31. The petition herein was filed with this Court on October 30, 1973.

After the filing of the petition, this Court issued its order of October 30, 1973, directing respondents to serve and file their written objections to the petition at least seven days before the day fixed for the hearing, which was originally set for November 16, 1973, then vacated, and reset for November 19, 1973. This order was served on respondents' attorney on October 31, 1973, but no objections or written response of any kind were filed in this Court until November 19th, the day of the hearing, at which time a written "Memorandum in Opposition to Petition for Special Action" was filed by respondents. An informal notation thereon indicates that it was served the same day. Obviously this service and filing were not timely under the Court's order of October 30, 1973, nor did it even comply with Rule 7(c), Rules of Procedure for Special Actions, 17A A.R.S., which establishes a general requirement (in the absence of an order specifying a different time) that objections be in writing and filed and served at least one day before the day fixed for the hearing. No reason has been given by respondents for their failure to timely file their objections in writing.

◼ If this Court is to make rational and prompt decisions in special actions, which are matters necessarily involving extraordinary remedies and usually seeking expeditious relief, it is essential that it be informed in advance of the hearing of the respective positions of the parties. For this reason, the Court normally specifies in the order setting the hearing that written objections be filed on a day as far in advance of the hearing as the circumstances reasonably permit. This Court requires compliance with its orders unless there is a showing of good cause for non-compliance. A respondent's failure to timely file written objections is viewed by this Court as an admission that the petitioner is entitled

to the relief requested, if debatable issues are presented. Verdex Steel and Construction Co. v. Board of Supervisors, 19 Ariz. App. 547, 509 P.2d 240 (1973); Buchanan v. Jiminez, 18 Ariz.App. 298, 501 P.2d 567 (1972); Liberty Mutual Ins. Co. v. MacLeod, 17 Ariz.App. 449, 498 P.2d 523 (1972); Civil Service Employees Ins. Co. v. Sticht, 14 Ariz.App. 36, 480 P.2d 373 (1971). *See* State of Arizona v. Superior Court In and For County of Maricopa, 15 Ariz.App. 145, 486 P.2d 825 (1971).

Petitioner argues that the information sought by the questioned interrogatory is privileged under A.R.S. § 12–2235 and is therefore not subject to discovery under Rule 26(b)(1), Rules of Civil Procedure, 16 A.R.S., which restricts discovery to relevant matters which are not privileged.

◼ Without going into the details, suffice it to say that our review of the law in this area convinces us that the petitioner has raised a debatable issue in his special action petition. Therefore, respondents not having filed a timely response and not having made any substantial showing of good cause for their failure to do so, and the entitlement to the requested relief being debatable, the respondents will be regarded as having admitted that petitioner is entitled to such relief, and it is therefore granted.

The order of the Superior Court dated October 11, 1973, requiring petitioner to answer subdivision (c) of Interrogatory No. 59 is vacated, and that court is directed to enter an order denying Elliotts' motion to compel an answer thereto.

The stay order included in this Court's order of November 20, 1973, is hereby dissolved and terminated.

JACOBSON, Chief Judge, Division 1, and HAIRE, J., concur.