534 P.2d 434

**In the Matter of the APPEAL IN MARI-COPA COUNTY JUVENILE AC-TION NO. A–20917.**

**No. I CA–JUV 30.**

Court of Appeals of Arizona,
Division 1,
Department B.

April 22, 1975.

Moise Berger, Maricopa County Atty., by Elizabeth J. Stewart, Deputy County Atty., Phoenix, for appellant.

OPINION

JACOBSON, Presiding Judge.

This is an appeal by the Maricopa County Attorney from the action of the juvenile

court quashing an order to show cause which had been issued on appellant's petition under A.R.S. § 8–108B (1974).[1] The petition alleged that two persons (respondents) who were not currently certified as acceptable to adopt, had custody with intent to adopt two named minor children, and requested a hearing pursuant to A.R.S. § 8–108B. The petition was filed on September 24, 1974, and an order to show cause was issued, which was heard on October 1, 1974. After the hearing, the juvenile court issued a minute entry order granting respondents' motion to quash the order to show cause "on the basis of A.R.S. Section 14–4104 (sic)." The appellant perfected its appeal therefrom by filing and serving the requisite notice of appeal and statement of grounds and authorities. No responsive memorandum was filed by the respondents, and they have entered no appearance in this appeal.

It appears inferentially from other parts of the minute entry, and from the appellant's memorandum, that the statute actually relied on by the trial court was § 14–5104 (Supp.1974), as there is no § 14–4104. Section 14–5104 provides as follows:

> "A parent or a guardian of a minor or incapacitated person, by a properly executed power of attorney, may delegate to another person, for a period not exceeding six months, any powers he may have regarding care, custody or property of the minor child or ward, except power to consent to marriage or adoption of the minor."

Such a power of attorney was executed by the mother of the children in favor of the respondents on September 30, 1974, and was filed by the respondents at the hearing. Apparently the trial court ruled that A.R.S. § 14–5104 repealed A.R.S. § 8–108B because of what it believed to be a conflict between the two statutes. The minute entry order is not that specific, but appellant's memorandum recites this as the basis for the trial court's order.

As the respondents (who would be the appellees herein) have made no appearance in this court and filed no responsive memorandum, the rule of confession of error applies if a debatable issue is raised. *Cf.* In re Maricopa County, Juvenile Action No. J–74449A, 20 Ariz.App. 249, 511 P.2d 693 (1973). In our opinion debatable issues have been raised herein, and the order of the trial court may be reversed on the basis of confession of error alone. Verdex Steel & Const. Co. v. Board of Supervisors, 19 Ariz.App. 547, 509 P.2d 240 (1973). *See also* Welch v. Superior Court, 21 Ariz.App. 131, 516 P.2d 587 (1974) and cases cited therein.

Nevertheless, we will briefly consider the merits. In our opinion, there is no conflict and in fact no relation between A.R.S. §§ 8–108 and 14–5104. A.R.S. § 8–108 concerns pre-adoption custody and deals with a situation where an uncertified

[1]. A.R.S. § 8–108 provides in part:

"A. A person who is not currently certified as acceptable to adopt but who has custody of a child which the person intends to adopt shall petition the court for an order permitting such person to keep custody of the child pending such certification. Such petition shall be filed no later than five days after such person obtains custody of the child. Upon the filing of such a petition the court shall hold a hearing within ten days thereafter. At the hearing the burden of proof shall be on the petitioner to show that permitting such custody will be in the best interests of the child. The court may permit such custody or it may order that custody be given to some other person or agency as it deems to be in the best interests of the child. If the court permits the person to continue to have custody of the child, the court should cause to be continued the investigation for preadoption certification and report as required by § 8–105.

"B. If no such petition is filed by the person intending to adopt a child, the division, an agency or any other interested person may petition the court for such a hearing. On the filing of such a petition the court shall set the matter for hearing and issue its order to the person having custody of the child to appear before it to show cause why such custody should not be denied. The hearing shall then be held and the court's order made as provided in subsection A of this section."

person in fact already has custody and intends to adopt the child in custody. A.R.S. § 14–5104 is an authorization for a temporary non-guardianship arrangement by a parent in a non-adoption situation, which may include an authorization of physical custody. However, the fact that a person has custody pursuant to such a power of attorney does not remove him from the provisions of A.R.S. § 8–108 if he is otherwise within them. In other words, custody is assumed under A.R.S. § 8–108 and the manner of acquiring custody is not significant under that statute, the important aspect being the uncertified status of the person having custody who intends to adopt the child. A.R.S. § 14–5104 in no way authorizes a parent to certify another person as acceptable to adopt his child, and any power of attorney thereunder is simply irrelevant to A.R.S. § 8–108 proceedings.

The order of the juvenile court dated October 1, 1974, quashing the order to show cause previously issued, is reversed; and that court is directed to proceed with the hearing required by A.R.S. § 8–108B.

HAIRE, C. J., Division 1, and EUBANK, J., concur.