567 P.2d 1210

Patricia F. GARAY UPPEN, Petitioner,

v.

SUPERIOR COURT OF the State of Arizona, PIMA COUNTY, Arizona, Harry Gin, Presiding Judge of the Superior Court, William N. Sherrill, Court Commissioner of the Superior Court, Respondents.

No. 2 CA–CIV 2537.

Court of Appeals of Arizona, Division 2.

May 16, 1977.

Rehearing Denied June 30, 1977.

Review Denied July 19, 1977.

## 82

Neil P. Miller, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Ronald M. Lehman and Howard L. Baldwin, Deputy County Attys., Tucson, for respondents.

### OPINION

HOWARD, Chief Judge.

The subject of this special action is a ruling by the respondent court that it lacked jurisdiction to consider, approve and make provision for the custody of petitioner's minor child in a decree of dissolution. Because of the unusual circumstances, we deem the remedy by appeal inadequate and therefore assume jurisdiction.

Briefly, the facts are as follows. Petitioner and the father of the child were married in Santiago, Chile, on June 7, 1972 and on May 9, 1974, the father abandoned petitioner when she was pregnant with the subject child. The child was born in Chile on October 6, 1974 and has remained in Chile all of his life. The father, since his abandonment, has neither seen nor communicated with petitioner or the child nor provided support for either of them since his departure. Since the child's birth, petitioner has been responsible for and maintained the sole care, custody and control of the child. Due to the political situation petitioner was forced to flee Chile on December 24, 1975 and was unable to bring the child with her to the United States. She therefore left the child with its maternal grandmother but since her departure from Chile, petitioner closely monitored the child's health and welfare by monthly telephone calls and regular correspondence with the grandmother who kept her fully advised as to the child's needs and well-being. Petitioner sends money to the grandmother every month for the child's support and welfare and this money is the child's sole support. Her intent is to bring the child to the United States as soon as possible and it appears that an Arizona decree awarding custody of the child to her would facilitate the process.

The respondent court found that the child had never been in the state of Arizona or the United States and neither was, nor had ever been, domiciled in the state of Arizona; that the child's only connection with the state of Arizona is the fact that his mother is a resident and domiciliary of this state; and that such is not a significant connection with the state of Arizona. Petitioner's husband having been regularly served by publication and having been defaulted, the court ordered the marriage dissolved but refused to award custody of the minor child to petitioner on the grounds that it lacked jurisdiction.

A.R.S. § 25–331 provides in pertinent part:

"A. The superior court for the state of Arizona is vested with jurisdiction to decide child custody matters by initial determination or by modification decree if:

1. This state is the domicile of a child at the time of commencement of the . . . ; or

2. It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships . .

\* \* \* \* \* \*

E. Notice of a child custody proceeding shall be given to the child's parent, guardian, and custodian, who may appear, be heard, and file a responsive pleading. The court, upon a showing of good cause, may permit intervention of other interested parties."

Thus we see if the minor child was domiciled in this state, the respondent court had jurisdiction to award custody to petitioner. An infant is not sui juris and therefore cannot fix or change his domicile. If his parents are married, his domicile is usually the domicile of the father; if the parents are divorced, and his mother is entitled to

his custody, his domicile is that of his mother; and if neither parent has legal custody, his domicile is that of the person who stands in loco parentis to him. *In re Webb's Adoption,* 65 Ariz. 176, 177 P.2d 222 (1947). Where, as here, the father has abandoned the child and the mother has not, the child takes the domicile of the mother during the remainder of his minority. *Simonds v. Simonds,* 81 U.S.App.D.C. 50, 154 F.2d 326 (1946); *Allman v. Register,* 233 N.C. 531, 64 S.E.2d 861 (1951); *Lyons v. Egan,* 110 Colo. 227, 132 P.2d 794 (1942); 25 Am.Jur.2d Domicile § 64; Restatement Second Conflict of Laws § 22, Comment *e.* The fact that the child was not living with the mother does not alter his domicile as being that of the mother, *Simonds v. Simonds,* supra, since she had not "abandoned" him.

 Respondent argues that since the maternal grandmother with whom the child was residing in Chile had received no notice of the child custody proceedings, A.R.S. § 25–331(E), supra, was violated. We do not agree that such notice was required to be given. The term "custodian" as used in this statute means a legal custodian, i. e., one appointed a custodian by a competent court in a proper action or proceeding whose authority is tantamount to that of a parent or testamentary guardian—it does not mean someone who is engaged by the parent to provide for the daily care of the child. *Paronto v. Armstrong,* 161 Kan. 720, 171 P.2d 299 (1946); see also, A.R.S. § 8–201(6).

Furthermore, grandparents as such do not stand in loco parentis to grandchildren. 59 Am.Jur.2d Parent and Child § 92. A person standing in loco parentis to a child is one who has put himself in the situation of a lawful parent by assuming the obligations incident to the parental relation. 67 C.J.S. Parent and Child § 71. Here the record reflects that petitioner assumed the financial responsibility for support of the child which thus negatives any claim that the grandmother had assumed the status and obligations of a parent. 67 C.J.S. Parent and Child § 72.

For the foregoing reasons, we hold that the minor child's domicile was Arizona and since his physical presence was not a prerequisite for jurisdiction to determine his custody, A.R.S. § 25–331(C), the respondent court had jurisdiction to determine the custody question. The respondent court is therefore directed to determine the custody issue.

Relief granted.

HATHAWAY and RICHMOND, JJ., concurring.