574 P.2d 493

**Thomas CHAPP and Cynthia Lee Chapp, husband and wife, and Richard James Scott, a nonresident minor, Appellants,**

v.

**HIGH SCHOOL DISTRICT NO. 1 OF PIMA COUNTY, Arizona, Appellee.**

No. 2 CA–CIV 2693.

Court of Appeals of Arizona, Division 2.

Jan. 20, 1978.

2. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

John William Lovell, Tucson, for appellants.

De Concini McDonald Brammer & Yetwin, P. C. by Robert M. Struse, Tucson, for appellee.

## OPINION

RICHMOND, Chief Judge.

This is an appeal from a summary judgment determining that appellant Richard James Scott was not entitled to attend high school in Pima County High School District No. 1 without payment of tuition. We affirm.

The matter was decided on a statement of stipulated facts. Richard James Scott was born on April 8, 1961. At the time of his parents' divorce, legal custody of Richard was awarded to his mother, who is a resident of California. Richard lives, eats and sleeps in the Tucson home of, and is actually under the care, custody and control of, appellants Thomas and Cynthia Chapp, his uncle and aunt, to whom certain powers have been delegated by his mother pursuant to A.R.S. § 14–5104, which states:

"A parent or a guardian of a minor or incapacitated person, by a properly executed power of attorney, may delegate to another person, for a period not exceeding six months, any powers he may have regarding care, custody or property of the minor child or ward, except power to consent to marriage or adoption of the minor."

The Chapps provide the majority of Richard's support and Richard works part-time. Richard has no intention of returning to California or residing elsewhere than in Pima County, Arizona. His mother is not interested in having him return to California to reside with her, but is unwilling to

relinquish her parental rights by agreeing to a formal guardianship proceeding.

The only question on appeal is whether, on those facts, Richard is entitled to attend high school in District No. 1 tuition-free.

A.R.S. § 15–302 governs the admission of pupils to Arizona public schools. It provides, in material part:

"A. All schools other than high schools and evening or night schools shall, unless otherwise provided by law, admit children between the ages of six and twenty-one years who reside in the district. * * *

"B. The governing board may admit children who do not reside in the district but who reside within the state upon such terms as it prescribes.

"C. Children of nonresidents of the state may be admitted upon payment of a reasonable tuition fixed by the board.

* * * * * * "

■ Imposition of a fee upon non-resident students does not violate Art. 11, § 6, of the Arizona Constitution.[1] *Arizona Board of Regents v. Harper*, 108 Ariz. 223, 495 P.2d 453 (1972). The court in *Harper* equates "residence" in a statute requiring tuition with the common law concept of "domicile." *See also In Re Webb's Adoption*, 65 Ariz. 176, 179, 177 P.2d 222, 224 (1947), in which the court said:

"An infant is not sui juris and therefore cannot fix or change his domicile. His residence is that of his parents or the one of them who has the legal custody of him, or if neither parent has the legal custody, the one who stands in the relation of loco parentis to him. [Citations omitted]."

The court went on to say:

"Residence of a minor child follows that of divorced mother entitled to his custody. [Citations omitted]."

■ It is clear from the foregoing that Richard's residence is that of his mother unless a specific statute or case law has changed the result.

Appellants contend that when a parent delegates powers of care and custody pursuant to A.R.S. § 14–5104, the child's residence is changed. We disagree. While Richard's mother has delegated certain powers to the Chapps, in no way has she changed the fact that legal custody is with her in California. Legal custody requires appointment as custodian by a competent court in a proper action. *Garay Uppen v. Superior Court of Pima County*, 116 Ariz. 81, 567 P.2d 1210 (App.1977).

Appellants misconstrue the purpose of A.R.S. § 14–5104. The official 1975 text of the Uniform Probate Code is followed by this comment:

"This section permits a temporary delegation of parental powers. For example, parents (or guardian) of a minor plan to be out of the country for several months. They wish to empower a close relative (an uncle, e. g.) to take any necessary action regarding the child while they are away. Using this section, they could execute an appropriate power of attorney giving the uncle custody and power to consent. Then if an emergency operation were required, the uncle could consent on behalf of the child; as a practical matter he would of course attempt to communicate with the parents before acting. The section is designed to reduce problems relating to consents for emergency treatment."

Division One of this court has referred to A.R.S. § 14–5104 as "an authorization for a temporary non-guardianship arrangement . . . ." *In Re Appeal In Maricopa County Juvenile Action No. A–20917*, 23 Ariz. App. 503, 505, 534 P.2d 434, 436 (1975).

1. "Section 6. The University and all other State educational institutions shall be open to students of both sexes, and the instruction furnished shall be as nearly free as possible.

"The Legislature shall provide for a system of common schools by which a free school shall be established and maintained in every school district for at least six months in each year, which school shall be open to all pupils between the ages of six and twenty-one years."

In any event, we are concerned here with § 15–302(C), which deals with residence of the parent(s), rather than the child. *Compare* § 15–302(B), governing admission of children who reside within the state but outside the district of admission. Richard cannot attend high school in District No. 1 tuition-free while his mother's residence continues outside Arizona and she continues as legal custodian. We need not decide whether the result would be otherwise under § 15–449(B),[2] had the Chapps

been appointed Richard's guardian with authority tantamount to that of a parent.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.

---

2. A.R.S. § 15–449:

"B. The residence of the person having legal custody of the pupil shall be considered the residence of the pupil, except as provided by the terms of subsection B of § 15–304. For the purposes of this section 'legal custody' means:

"1. Custody exercised by the natural or adoptive parents with whom a pupil resides.

"2. Custody granted by order of a court of competent jurisdiction to a person or persons with whom a pupil resides."