753 P.2d 186

Carlene SLEESEMAN, as next friend of Melanie Sleeseman, Mary Alice Madrid, as next friend of Felipe Vincente Madrid, aka Phillip Madrid, Plaintiffs/Appellees,

v.

STATE BOARD OF EDUCATION; Phoenix Union High School District Number 210, Defendants/Appellants.

Nos. 2 CA–CV 88–0015, 2 CA–CV 88–0016.

Court of Appeals of Arizona, Division 2, Department B.

March 17, 1988.

Reconsideration Denied April 18, 1988.

Meyer, Hendricks, Victor, Osborn & Maledon by Donald M. Peters and David B.

Rosenbaum, Phoenix, for plaintiffs/appellees.

Robert K. Corbin, Atty. Gen., and Anthony B. Ching, Sol. Gen. by Robert A. Zumoff, Phoenix, for defendant/appellant State Bd. of Educ.

DeConcini McDonald Brammer Yetwin Lacy & Zimmerman, P.C. by Gary L. Lassen and Donna L. Hylarides, Phoenix, for defendant/appellant Phoenix Union High School Dist. No. 210.

## OPINION

FERNANDEZ, Judge.

This case involves the right of a child, living with a relative who is not the child's guardian, to attend Arizona schools without paying tuition.

Melanie Sleeseman, who in October 1986 was a 15–year–old unemancipated minor, lives with her grandmother Carlene Sleeseman within the boundaries of Phoenix Union High School District. Melanie unsuccessfully sought admission to Central High School, which is located in that district. Although her grandmother lives within the district, Melanie has no parent or legal guardian who is a resident of Phoenix Union High School District. Her father's identity is unknown, and her mother's residence is unknown.

Phillip Madrid was 12 years old at the time of the summary judgment motions and, except for a one-year absence, has always lived with his grandparents within the boundaries of the Laveen Elementary School District and attended school there. Phillip's mother is a resident of California, and the identity of his father is unknown. Phillip's mother permits him to live with his grandparents but refuses to consent to guardianship proceedings or to have the grandparents adopt the child. After an unsuccessful attempt to live with his mother in California, Phillip attempted to re-enroll in the Laveen School District but was refused admission as a resident. Prior to entry of judgment in this case, Phillip and the Laveen School District stipulated that Phillip would be admitted to school pursuant to A.R.S. § 15–823(E) and that Phillip's

lawsuit against the school district would be dismissed. Even after approving the stipulation, the court denied the State Board of Education's motion to dismiss, finding that an issue remains as to whether Madrid must bear the burden of continuing to comply with A.R.S. § 15–823(E).

■ We must first determine whether Madrid is properly a party to this appeal. We note that the State Board of Education was sued because it is charged by law with general supervision of the school system. We find that once the Laveen School District and Phillip Madrid stipulated that he could be admitted to school in the district, a justiciable controversy no longer existed, and the court should have granted the motion to dismiss the lawsuit. Finding that the court erred, we reverse and dismiss the lawsuit between Madrid and the State Board of Education.

The remaining issues involve Melanie Sleeseman only. The complaint in this action alleged that Phoenix Union High School District violated Melanie's right to due process and equal protection under both the federal and state constitutions. The complaint challenged the district's policy that a child must have a parent or legal guardian residing in the district in order to attend school on a tuition-free basis. A.R.S. § 15–824(B), prior case law and two attorney general's opinions define a pupil's residence as that of the natural or adoptive parent's residence or the residence of the pupil's legally-appointed guardian. *In re Webb's Adoption*, 65 Ariz. 176, 177 P.2d 222 (1947); *Chapp v. High School District No. 1 of Pima County*, 118 Ariz. 25, 574 P.2d 493 (App.1978); Ops.Att'y Gen. 78–41 (1978) and I79–173 (1979).

Sleeseman and Phoenix Union High School District signed a joint statement of facts pursuant to Rule 56, Ariz.R.Civ.P., 16 A.R.S. All parties filed motions for summary judgment. The court granted Sleeseman's motion and denied the other two. While another similarly situated child was originally involved in the case, only the State Board of Education and Phoenix Union remain as appellants.

The court granted summary judgment because it found that denying Melanie tuition-free education violated the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. The court also found a violation of equal protection under the Arizona Constitution. Essentially the court found that Melanie belongs to a small class of children who have been abandoned by their parents or legal guardians. The court awarded attorney's fees against the Board of Education under the private attorney general theory.

On appeal, Phoenix Union and the Board of Education argue that the residency requirement does not violate either constitution and that the court erred in creating a new classification of "abandoned" children and determining that Melanie was entitled to a tuition-free education. The Board also contends that the court erred in awarding attorney's fees pursuant to the private attorney general doctrine.

### STANDARD OF REVIEW

This case involves stipulated facts. When facts are undisputed, the appellate court may ignore the trial court's findings and may substitute its own analysis of the record. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966); *Huskie v. Ames Brothers Motor & Supply Co.*, 139 Ariz. 396, 678 P.2d 977 (App.1984).

### CONSTITUTIONALITY

█ The right to a tuition-free public education is reserved to residents of this state. A.R.S. § 15–824(D). Residence for tuition purposes is defined by A.R.S. § 15–824(B) as follows:

The residence of the person having legal custody of the pupil is considered the residence of the pupil.... For the purposes of this section 'legal custody' means:

1. Custody exercised by the natural or adoptive parents with whom a pupil resides.

2. Custody granted by order of a court of competent jurisdiction to a person or persons with whom a pupil resides....

The statutory identification of a child's residence with that of a parent who has legal custody is consistent with the common law definition repeatedly articulated in this state. E.g., *Appeal in Maricopa County Juvenile Action No. A–27789*, 140 Ariz. 7, 680 P.2d 143 (1984); *In re Webb's Adoption*, supra; *Chapp v. High School District No. 1 of Pima County*, supra; *Garay Uppen v. Superior Court of Pima County*, 116 Ariz. 81, 567 P.2d 1210 (App.1977).

Prior to 1981, a child in the position of Melanie Sleeseman would have been considered a non-resident and would not have had the right to a tuition-free education. *Chapp*, supra. In *Chapp*, a child who was living with his aunt and uncle was held not to be entitled to free education because his mother, who had legal custody, was a California resident. Following *Chapp*, the Arizona legislature expanded the right to a tuition-free education by enacting A.R.S. § 15–823(E). That section provides:

The governing board may admit children who are citizens of the United States but are nonresidents of this state without payment of tuition if evidence indicates that the child's physical, mental, moral or emotional health is best served by placement with a grandparent, brother, sister, stepbrother, stepsister, aunt or uncle who is a resident within the school district.

The statute provides a right to a free public education for those children of non-residents who meet the statute's criteria.

Phillip Madrid was admitted to the Laveen School District pursuant to this statute. It appears that this statute applies as well to Melanie Sleeseman. The record is not clear as to whether Sleeseman failed to present evidence to the local governing board prior to the institution of suit or whether the local board failed to analyze her circumstances pursuant to the statute.

█ In our view, A.R.S. § 15–823(E) is mandatory if the conditions there described, the best interests of the child, are met. If residency with a relative in Arizo-

na is for one or more of these purposes, then it is not primarily for purposes of obtaining Arizona's educational benefits. See *Martinez v. Bynum*, 461 U.S. 321, 103 S.Ct. 1838, 75 L.Ed.2d 879 (1983). At oral argument, counsel for both the Board and the District conceded that Melanie Sleeseman meets those conditions. Accordingly, we affirm the summary judgment admitting her to school. As applied to her, the statutory scheme is not unconstitutional. We need not address its constitutionality as applied to other hypothetical applicants not living with a relative in Arizona.

Appellee was required to hire an attorney who in fact has represented her pro bono in order to secure her admission to school, although the statute, if followed, provided criteria for determining whether Melanie qualified for admission. It is clear that the legislature enacted this statute to provide tuition-free education for a class of children such as Melanie. The governing boards of education should implement a procedure so that children in Melanie's position are not denied admission without being advised of the statute and afforded an opportunity to present evidence so that a determination of admission may be made on the criteria listed in the statute.

### ATTORNEY'S FEE AWARD

 The trial court ordered the Board of Education to pay attorney's fees pursuant to the private attorney general theory, listing four reasons which supported the award. The Board contends there is no authority for application of the doctrine in Arizona. We agree. As Justice Feldman observed recently in *Kadish v. Arizona State Land Department*, 155 Ariz. 484, 498, 747 P.2d 1183, 1197 (1987), "Arizona law is cognizant of the substantial benefit doctrine, but has neither adopted nor rejected it." In any event, since we have affirmed summary judgment for Sleeseman on the ground that she comes within the statute and since we do not address the constitutionality of the statute, the substantial benefit doctrine will no longer support an award of attorney's fees.

Appellee requested fees pursuant to either A.R.S. § 12–348 or § 12–2030 but later conceded that § 12–348 was inapplicable. Section 12–2030 permits an attorney's fee award in a civil action brought against the state or one of its political subdivisions to compel a state officer or the political subdivision to perform an act imposed by law. Any duty, however, to admit Sleeseman as a resident to school is a duty imposed upon the governing board of the school district, not the State Board of Education. A.R.S. § 15–823.

Having determined that there was no authority for an award of attorney's fees below, we reverse that portion of the judgment entered in favor of Sleeseman. Each party is to bear its own costs and attorney's fees on appeal.

The summary judgment in favor of Sleeseman is affirmed; the attorney's fee award in favor of Sleeseman is reversed as is the judgment entered in favor of Madrid.

LIVERMORE, P.J., and ROLL, J., concur.