NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

REBEKAH ELISE MURDOCK, *Petitioner/Appellant*,

*v.*

RICARDO BUSTAMANTE, *Respondent/Appellee*.

No. 1 CA-CV 23-0452 FC
FILED 5-14-2024

Appeal from the Superior Court in Maricopa County
No. FC2018-070811
The Honorable Stasy D. Avelar, Judge

**AFFIRMED**

COUNSEL

Rebekah Elise Murdock, Avondale
*Petitioner/Appellant*

Ricardo Bustamante
*Respondent/Appellee*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

**C R U Z**, Judge:

¶1 Rebekah Elise Murdock ("Mother") appeals the superior court's denial of her request to reallocate therapeutic interventionist (TI) costs, reinstatement of Ricardo Bustamante's ("Father") parenting time, judgment concerning child support and medical expenses, and denial of her request for attorneys' fees. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In 2019, Mother and Father divorced. In 2020, Mother petitioned to modify legal decision-making, parenting time, and child support. Following a hearing, the superior court limited Father's parenting time and appointed a TI to assist in reunifying Father with the two minor children, C.B. and N.B. The TI fees and costs were split evenly between Mother and Father. The superior court ordered that Father's parenting time would increase upon the TI's recommendation that Father did not pose a safety risk to the children. In October 2022, Mother filed a "Motion to Correct [the] Order of Appointment of Therapeutic Interventionist, Filed on 6/29/2022 and to Reallocate Fees and Costs" ("Motion to Reallocate TI Costs"). The superior court denied Mother's motion, finding Mother liable for paying her share of the TI services. In May 2023, the TI testified, recommending that Father's parenting time be reinstated. The superior court then issued an order reinstating Father's parenting time.

¶3 In January 2023, Mother filed a "Petition to Enforce Child Support, Child Support Arrears, Medical Insurance Coverage and Medical Expense Reimbursement" ("Enforcement Petition") and a "Petition to Modify Child Support" ("Modification Petition"). Several hearings were held on the issues between February and May 2023. In May 2023, the superior court issued its judgment on the Enforcement Petition and Modification Petition. Relevant to this appeal, the superior court found Father was not in contempt of court for non-payment of child support but Father was in contempt of court for failing to pay medical expenses and owed Mother $800. Additionally, the superior court increased monthly

child support payments to $2269 and ordered Father to pay $339 to Mother for fees incurred by Mother during the proceedings.

**¶4**　　　　In June 2023, Mother filed an Arizona Rule of Family Law Procedure 83 motion seeking an award of attorneys' fees and costs incurred during litigation from 2020 to 2023. The superior court denied the motion, finding Mother did not incur attorneys' fees or costs other than those previously awarded to her during the litigation of the Enforcement Petition and Modification Petition, which took place in 2023. Further, the superior court stated it did not have the authority to award Mother attorneys' fees and costs on issues that occurred before the current matter. Mother continued to file additional motions with the superior court, but the court found the motions to be moot since Mother had filed her notice of appeal.

**¶5**　　　　Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶6**　　　　As a preliminary matter, Father did not file an answering brief. If an appeal raises debatable issues and there appears to be no good cause for the appellee's failure to appear, we "will assume that the failure to file an answering brief is a confession of reversible error on the part of the appellee." *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965); *Stover v. Kesmar*, 84 Ariz. 387, 388 (1958). An issue is not debatable when the record "clearly" resolves the question raised. *See, e.g., Air East, Inc. v. Wheatley*, 14 Ariz. App. 290, 294 (1971); *Honsey v. Honsey*, 126 Ariz. 336, 337 (App. 1980). We find Mother has not raised a debatable issue.

**¶7**　　　　Additionally, we note that Mother's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13. ARCAP 13(a)(7)(A) requires that arguments include "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the . . . record." "[W]e consider waived those arguments not supported by adequate explanation, citations to the record, or authority." *In re Aubuchon*, 233 Ariz. 62, 64-5, ¶ 6 (2013).

**¶8**　　　　Mother identifies over eleven issues for review on appeal, but many of her arguments are not supported by adequate explanation or citations to relevant authority. Further, several of Mother's arguments rely on factual assertions not found in the record. As such, Mother's arguments regarding irregularities during evidentiary hearings, Father's ability to claim the children as dependents, Father's ability to provide medical

3

insurance, whether the amount of child support should be further increased, whether Father should cover 100% of medical expenses, whether Father should be sanctioned, and whether the superior court facilitated a just, prompt, and inexpensive determination are deemed waived.

¶9 Mother's remaining arguments concern parenting time, allocation of TI costs, unpaid child support, unpaid medical expenses, and attorneys' fees. We review these issues for abuse of discretion. *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983). We review the interpretation of statutes and guidelines de novo. *Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 7 (App. 2015).

I.    Therapeutic Interventionist

¶10 Mother argues the court delegated its decision-making authority when it appointed a TI to determine issues of Father's reunification with the children. Mother appeals from the superior court's order reinstating Father's parenting time after the TI testified recommending Father's parenting time be reinstated. Mother analogizes this case to *Gish,* where the superior court erred by delegating to a TI its authority to determine parenting time. 253 Ariz. 437, ¶¶ 46-47 (App. 2022). But this case differs from *Gish.* Here, the superior court held an evidentiary hearing at which the TI testified. The TI opined that Father's parenting time should be reinstated and both parties had the opportunity to cross-examine the TI. After considering Mother's objections, the court issued an order reinstating Father's parenting time. The superior court did not delegate its authority to the TI and did not abuse its discretion by reinstating Father's parenting time.

¶11 Mother also argues the superior court abused its discretion when it denied her Motion to Reallocate TI Costs. Mother contends the superior court ignored her testimony about her ability to pay the TI costs.

¶12 It is the superior court's role to weigh the evidence and determine credibility. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). Mother was injured a month after the TI orders went into effect and nearly 3 months later filed a motion to reallocate TI costs. Mother had not paid the TI since the order allocating the TI costs went into effect. The superior court noted that while Mother was working part-time due to her injury, she continued to work as a nurse and her hourly pay remained the same. After considering her earning capacity, the superior court denied Mother's motion. The superior court did not abuse its discretion in doing so.

II.     Child Support

¶13          Mother argues the superior court abused its discretion when it found Father was current in his child support obligations as of March 2023 and denied Mother's request to hold Father in contempt for non-payment.  The superior court found that while Mother may not have received the child support payments in the month they were due, at the time of the superior court's determination Father was current in his child support.  Additionally, ADES payment records showed that Father was current on child support as of March 2023.  The court did not abuse its discretion when it denied Mother's request to have Father held in contempt for non-payment of child support.

III.    Medical Expenses

¶14          Mother argues Father owes $5594.64 plus interest accruing from the service date at the current legal rate of 9.25% for unpaid medical expenses.  The superior court found Father owed Mother $800 for medical expenses accruing interest from the date of the judgment at the legal rate of 9.25%.  The superior court determined this based on A.R.S. § 25-320 app. ("Guidelines") § X(C)and IRS Publication 502.

¶15          Guidelines § X(C)(1) defines non-covered medical expenses as medically necessary medical, dental, or vision care as defined by IRS Publication 502.    IRS  Publication  502  excludes  supplements, nonprescription  drugs  (except  insulin),  and  personal  use  items. Accordingly,  the  superior  court  denied  Mother's  request  for reimbursement for supplements, over-the-counter medications, and over the counter devices.  The superior court also declined to award Mother reimbursement for expenses that did not have a medical basis, such as cosmetic procedures and children's camps.  The superior court found Mother's request for reimbursement included valid medical expenses.  But Mother indicated Father had since paid many of those expenses.  The total valid medical expenses Mother incurred minus the expenses Father already paid total $800.  The superior court did not err when it found Father owed Mother $800 in unpaid medical expenses.

IV.    Attorneys' Fees

¶16          Mother argues the superior court abused its discretion when it denied her petition for an award of attorneys' fees. Although Mother was represented by an attorney at one point, those proceedings ended in 2022, and  Mother's  attorney  withdrew.   New  proceedings  began  when  the Enforcement and Modification motions were filed in January of 2023.

During this time, Mother was self-represented and there was no evidence that Mother had incurred any attorneys' fees or costs beyond those previously awarded. The superior court did not abuse its discretion when it denied Mother's request for attorneys' fees and costs. *See Motley v. Simmons*, 256 Ariz. 286, 292, ¶ 19 (App. 2023)(finding that because Father represented himself in the superior court, he was not entitled to attorneys' fees).

¶17        Mother requests attorneys' fees and costs on appeal. Because Mother represents herself on appeal, she may not properly request an award of attorneys' fees. *See Munger Chadwick, P.L.C. v. Farwest Dev. and Constr, of the Sw., LLC*, 235 Ariz. 125, 126, ¶ 5 (App. 2014). As such, we deny her request.

## CONCLUSION

¶18        We affirm.

